UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

HILDOLF WODANSSON                                                                            PLAINTIFF
A/K/A JACK REYNOLDS

v.                                                                   CIVIL ACTION NO. 5:14CV-P153-R

LADONNA THOMPSON                                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Hildolf Wodansson, a/k/a Jack Reynolds, a convicted prisoner currently incarcerated in the Kentucky State Penitentiary (KSP), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against LaDonna Thompson, Commissioner of the Kentucky Department of Corrections, who Plaintiff sues for nominal damages in her individual capacity and for injunctive relief in her official capacity. He also seeks declaratory relief. Plaintiff reports that he practices Heathenry/Odinism and that "Runes" are "indispensable" to his religion. He claims that he is being denied possession of Rune Cards in his cell while in segregation in violation of the First Amendment to the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA). He reports filing a grievance requesting Rune Cards in segregation and appealing the issue through all levels to Defendant Thompson, who denied his request on March 5, 2014.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must perform an initial review of the complaint under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the Court will allow some claims to proceed and dismiss all others.

**I.**

**A.    42 U.S.C. § 1983**

*Individual-capacity claim*

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Where the only allegation against a defendant relates to the denial of an administrative remedy (as is the case here against Defendant Thompson), a plaintiff fails to allege any personal involvement by the defendant in the alleged wrongful conduct. *See, e.g.*, *Grinter*, 532 F.3d at 576 ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee*, 199 F.3d at 300); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial

2

of a prisoner's grievance states no claim of constitutional dimension."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Plaintiff, therefore, fails to state a § 1983 claim upon which relief may be granted against Defendant Thompson in her individual capacity, and that claim will be dismissed.

*Official-capacity claim*

The Court will allow the First Amendment claim for injunctive and declaratory relief to continue against Defendant Thompson in her official capacity.

**B.     RLUIPA**

*Monetary damages*

In *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009), the Sixth Circuit concluded that RLUIPA "does not contain a clear indication that Congress unambiguously conditioned receipt of federal prison funds on a State's consent to suit for monetary damages." *Id.* at 801. Thus, the Court held that the Eleventh Amendment bars RLUIPA claims for monetary damages from defendants in their official capacities. *Id.* More recently, in *Haight v. Thompson*, No. 13-6005, 2014 WL 3973675 (6th Cir. Aug. 15, 2014), the Sixth Circuit also held that RLUIPA does not permit money-damages claims against defendants in their individual capacities. *Id.* at *10-13. Consequently, the claim for monetary damages under RLUIPA will be dismissed.

*Injunctive and declaratory relief*

The Court will allow the RLUIPA claim to proceed for equitable relief.

**II.**

For the foregoing reasons,

**IT IS ORDERED that § 1983 First Amendment claim for injunctive and declaratory relief against Defendant Thompson in her official capacity and the RLUIPA claim for equitable relief against her will continue.** In permitting these claims to continue, the Court passes no judgment on their merit and ultimate outcome. The Court will enter a separate Scheduling Order governing the development of these claims.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant immune from such relief.

Date:


cc: Plaintiff, *pro se*
 Defendant
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005