UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00153-GNS

JACK REYNOLDS
a/k/a HILDOLF WODANSSON                                                                                     PLAINTIFF

v.

LADONNA THOMPSON                                                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 38). The Court having reviewed the record and being otherwise sufficiently advised, the motion is **GRANTED**.

### I.      STATEMENT OF FACTS

Plaintiff Jack Reynolds a/k/a Hildolf Wodansson ("Reynolds") filed this action against Defendant Kentucky Department of Corrections Commissioner LaDonna Thompson ("Thompson"). Reynolds alleges that while being held in the administrative control in the Kentucky State Penitentiary (KSP), he was allegedly denied access to rune cards—a religious item of his Odinic faith. (Compl. 3-5, DN 1). Plaintiff sought injunctive and declaratory relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) on the basis that his detention in the Special Management Unit without access to his rune cards violated his First Amendment religious rights. (Compl. 5-6).

Reynolds subsequently was transferred to the Luther Luckett Correctional Complex, and then to Kentucky State Reformatory. (Def's Mem. in Supp. of Mot. to Dismiss 1, DN 38-1[hereinafter Def.'s Mot.]). Since that earlier transfer, Plaintiff has been housed in general

1

population and under no special restrictions preventing him from obtaining and possessing the rune cards. (Def.'s Mot. 1). For these reasons, Thompson seeks dismissal of the pending claims as moot. (Def.'s Mot. 1, 3-4).

## II.     JURISDICTION

This Court has subject-matter jurisdiction over alleged violations of civil rights pursuant to 42 U.S.C. § 1983.

## III.     DISCUSSION

In moving to dismiss Plaintiff's pending claims, Thompson contends that this Circuit has consistently found claims for injunctive relief moot when an inmate has been transferred from the place where alleged violations occurred before they could be adjudicated. (Def.'s Mot. 2 (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). In his response, Plaintiff contends that his case remains live under the "capable of repetition, yet evading judicial review" exception to mootness. (Pl.'s Resp. Opposing Mot. to Dismiss as Moot, DN 41). This Court rejects Plaintiff's argument.

Article III courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "[A] case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations omitted). A court will also hear an otherwise moot case under the "capable of repetition, yet evading review" doctrine, when two elements are met: (1) the challenged action was too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *See id.* at 482 (citations omitted).

The first element is satisfied in this case. In general, "'segregation w[ould] normally terminate and the inmate w[ould] be returned to the general penitentiary population longer before a challenge to his segregation could be litigated fully.'" *Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998) (alterations in original) (quoting *Clark v. Brewer*, 776 F.2d 226, 229 (8th Cir. 1985)).

The second element is not met for Reynolds, however, because "[courts] generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Honig v. Doe*, 484 U.S. 305, 320 (1988) (citations omitted). This unwillingness to assume misconduct has been applied by other circuits to preclude from satisfying this element a plaintiff's knowing, self-inflicted return to segregated detention.[1] *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1216 (10th Cir. 2015); *Incumaa v. Ozmint*, 507 F.3d 281, 288 (4th Cir. 2007); *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993). *See also Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988); *cf. Clark*, 776 at 226 (finding return to challenged detention conditions an automatic and virtual certainty because of relevant penitentiary regulation, and thus capable of repetition). Since the Court will not assume that Reynolds will misbehave and thus subject himself to the disciplinary confinement which resulted in the incident complained of, he has not satisfied the "capable of repetition" exception to the live controversy requirement.

---

[1] The facts of this case are also distinct from those justifying the outcome in *Honig*. There, the Supreme Court reasoned that since the record was "replete with evidence that [plaintiff] is unable to govern his . . . behavior," the reluctance of assuming misconduct was inapplicable for purposes of the "capable of repetition, yet evading review" doctrine in regard to that plaintiff's claims under the Education of the Handicapped Act. *Honig*, 484 U.S. at 320. Insofar as this record is concerned, Plaintiff has failed to show that he is incapable of controlling his own conduct that would again subject him to segregated detention and deprivation of his rune cards. *See Reimers*, 863 F.2d at 630 n.4.

For these reasons, Plaintiff has failed to show that his claims are not now moot. For this reason, Defendant's motion to dismiss is **GRANTED**.

## IV. CONCLUSION

Accordingly, where there remains no live case or controversy in this matter, **IT IS ORDERED** that Defendant's Motion to Dismiss as Moot is **GRANTED.**

cc: counsel of record
Plaintiff, *pro se*